UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KLC FINANCIAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00123-SNLJ |
| | ) |
| SARC USA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion for Leave to File Counterclaim [Doc. 95], which plaintiff opposes [Doc. 98]. The motion is fully briefed and ripe for disposition. For the reasons set forth below, the motion is granted.

### I. Background

In this breach of contract and replevin action, plaintiff KLC Financial, LLC alleges that the defendants failed to make all required payments due and owing under five equipment finance agreements. [Doc. 8]. Plaintiff advanced funds to defendants SARC AZ-Mesa LLC, SARC IL-St. Charles LLC, SARC IL-Aurora LLC, SARC GA-Hiram LLC, and SARC IL-Buffalo Groves LLC (collectively the SARC defendants) to purchase equipment, which the SARC defendants then leased to third parties. [*Id.*]. The SARC defendants granted KLC a lien and/or first priority security interest in the equipment. [*Id.*]. Defendants SARC USA Inc., Steven Michael Caton, Stephen Ryan Holden, and Stephen Wayne Holden (Guarantor defendants) executed unconditional guaranties for the equipment finance agreements. [*Id.*].

On March 14, 2025, this Court issued an Agreed Order resolving a motion for writ of replevin and turnover of equipment filed by plaintiff.  [Doc. 68].  Defendants agreed to immediately surrender and turn over the equipment identified in the Amended Complaint and in the equipment list attached to the Agreed Order.  [*Id.* at ¶ 1].  Further, the Court ordered defendants to disclose to plaintiff the location of any of the equipment known by the defendants.  [*Id.* at 2].  Finally, the Court authorized plaintiff to sell or otherwise dispose of the equipment and credit sale proceeds against the amounts owed.  [*Id.* at ¶ 3].

Following the Agreed Order, the SARC defendants and SARC USA, Inc. ("the SARC entities") allowed a third party, acting on plaintiff's behalf, to enter SARC storage facilities to remove assets for which plaintiff held a security interest.  The SARC entities provided a spreadsheet that listed such assets in their possession.  The third party removed property from the SARC storage facilities sometime in May and/or June 2025.[1]  According to the SARC entities, the third party seized property for which plaintiff had no ownership or possessory rights.  [Docs. 95 at ¶ 3, 95-1 at ¶ 1].  The SARC entities allege that they sought recovery of the improperly seized property in July 2025 and formally demanded its return on July 25, 2025.  [Doc. 95 at ¶ 4].

The SARC entities now seek leave to file a counterclaim for conversion and, in the alternative, replevin.  [Docs. 95, 95-1].  Plaintiff opposes the motion, arguing that the counterclaim is procedurally and factually deficient.  [Doc. 98].  Additionally, plaintiff argues that the motion should be denied because it was filed after the July 9, 2025

---

[1] Defendants refer to "several dates in June 2025" [Doc. 95 at ¶ 3], while plaintiff states property was recovered on May 8, 2025 [Doc. 98].

2

deadline for filing a motion to amend pleadings in the amended case management order. [*Id.*; *see also* Doc. 84].

## II. Legal Standard

When a party seeks to amend a pleading after the deadline set in the case management order, Federal Rule of Civil Procedure 16(b) requires a showing of good cause. *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024); *see also* Fed. R. Civ. P. 16(b)(4) ("A [scheduling order] may be modified only for good cause and with the judge's consent.). The primary measure of good cause is the movant's diligence." *Id*. Good cause requires a change in circumstance, law, or newly discovered facts. *Id.*

If good cause is established, a court will then consider whether to allow leave to amend under Federal Rule of Civil Procedure 15(a). A court "should freely give leave" to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008).

## III.  Discussion

**A. Federal Rule of Civil Procedure 16(b)**

The SARC entities' motion was filed on August 22, 2025, which is 44 days past the deadline for filing a motion to amend pleadings. They claim that there is good cause

3

for the delay because their counterclaim accrued after the deadline.  Plaintiff argues that the SARC entities did not exercise due diligence, as they were aware of the facts supporting their counterclaim before the deadline.

The Court finds that the SARC entities have demonstrated good cause for seeking leave to file their counterclaim after the court-imposed deadline.  They explained that, following the removal of the property, they conducted an inventory, notified the plaintiff of the wrongful seizure, and negotiated to recover the wrongly seized items, culminating in a final demand on July 25, 2025.  After notification, plaintiff agreed to deliver the property to any individual or entity with a superior interest.  A bank claimed a priority security interest in some of the property, which required the plaintiff to turn the property over to the bank.  It is clear that the issue of the allegedly wrongfully seized property was ongoing from May/June until plaintiff responded to the July 25, 2025 demand.  Given these circumstances, the SARC entities acted diligently.

**B. Federal Rule of Civil Procedure 15(a)**

Plaintiff argues that the proposed counterclaim fails to state a claim for relief, and therefore, the motion should be denied.  Plaintiff's briefing focuses on the substantive merits of the counterclaim, but the likelihood of success is not a consideration for denying leave to amend.  *Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).  However, an amendment is considered futile and may be denied if it cannot withstand a Rule 12(b)(6) motion to dismiss.  *Cornelia I. Crowell GST Trust v. Possis Medical, Inc*, 519 F.3d 778, 781–82 (8th Cir. 2008).

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 688 (8th Cir. 2025) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Id.*  Considering the proposed counterclaim in this context, the Court finds that the allegations are sufficient to withstand a motion to dismiss, and therefore, the amendment is not futile.

Plaintiff also argues that the counterclaim is procedurally defective because it does not provide the information required by § 533.010 RSMo. for a replevin action.  Section 533.010 RSMo. authorizes prejudgment possession in a replevin action when a party entitled to possession files an affidavit showing that it will be in danger of losing its property unless removed from the opposing party's possession.  The statute sets forth the information that must be included in the affidavit.  *See* § 533.010(1)-(5) RSMo.  "[T]he statute provides that this affidavit may be made at the time of filing the petition, or at any other time afterwards, before the rendition of judgment in the cause." *Morris Plan Co. v. Excelsior Estates, Inc.*, 540 S.W.2d 44, 49 (Mo. 1976).  As a result, plaintiff's argument is without merit.

5

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Leave to File Counterclaim [Doc. 95] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants/counterclaim plaintiffs shall file their Counterclaim within 7 days.  Plaintiff/counterclaim defendant shall file its responsive pleading within 14 days.

**SO ORDERED** this 14th day of October, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE