UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KLC FINANCIAL, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-00123-SNLJ |
| SARC USA, INC., *et al.*, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel compliance with subpoenas for the production of documents served on two non-party entities. [Doc. 103]. The non-party entities have neither objected nor moved to quash the subpoenas. Since the deadline for producing the documents specified in the subpoena has passed, the Court finds the motion is ripe for disposition. For the reasons set forth below, the motion is denied for lack of jurisdiction.

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 34(c) ("a nonparty may be compelled to produce documents" as provided in Rule 45). The place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Under the 2013 amendment to Rule 45, "[a] subpoena must issue from the court where the action is pending," but only a "court for the district where

compliance is required" may enforce, quash, or modify a subpoena. Fed. R. Civ. P. 45(a)(2), (d).

District courts are divided on how to interpret "place of compliance" and "where compliance is required" when deciding if a court has the authority under Rule 45 to enforce, quash, or modify a subpoena. Some courts have held that the place of compliance is the location specified in the subpoena for the document production.[1] Other courts have determined that the place of compliance is in the district with jurisdiction over the location of the subpoenaed person or entity as determined by Rule 45(c).[2] Judges in this district have followed the latter approach. *See Jeffcoat Enterprises, Inc. v. Charter Communications, Inc.*, 4:20-MC-00112-AGF, 2020 WL 2104732, at *2 (E.D. Mo. May 1, 2020) ("[A] court has jurisdiction over a motion to compel documents if it is a court for the district encompassing the place of compliance; in other words, a court has

---

[1]*See, e.g., Adams v. Symetra Life Ins. Co.*, No. 19-MC-401-EFM-ADM, 2020 WL 489523, at *3 (D. Kan. Jan. 28, 2020) ("[T]he undersigned shares the view of courts that have determined that the place of compliance is the location for production identified on the subpoena."); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("[T]he court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii)."); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14–cv–87, 2014 WL 1576917, at *1 (S.D. Ohio, Apr. 17, 2014) (finding the subpoena commanded compliance in Chicago, Illinois, and that the U.S. District Court for the Northern District of Illinois was the court for the district where compliance was required).

[2] *See e.g. Raap v. Brier & Thorn, Inc.*, 17-MC-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017) ("[T]he court in which compliance is required under Rule 45(c) is the court in the district within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14–cv–0708–RFB–NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) ("Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person."); *XTO Energy, Inc. v. ATD, LLC*, No. 14–1021 JB/SCY, 2016 WL 1730171, at *20 (D.N.M. Apr. 1, 2016) (noting that "revised rule 45(d)(3) provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—i.e., the district in which the subpoena's recipient resides or works").

2

jurisdiction if it is the court in the district within 100 miles of where the nonparty resides, works, or regularly transacts business.") (cleaned up); *Nestle Purina Petcare Co. v. Blue Buffalo Co. Ltd.*, 4:14 CV 859 RWS, 2016 WL 2609795, at *1 (E.D. Mo. May 6, 2016) ("[T]he place of compliance for a subpoena served on a nonparty is 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'").

The determination that the place of compliance is in the district within 100 miles of where the nonparty resides, works, or regularly transacts business is supported by an Advisory Committee Note for the 2013 amendment to Rule 45, which states:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).

Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, subdivision (f). Further, as a practical matter, it makes sense that the place of compliance must be a district where the subpoenaed entity resides, works, or regularly transacts business. *Gutierrez v. Uni Trans, LLC*, CV 21-73 KWR/SCY, 2021 WL 2821071, at *2 (D.N.M. July 7, 2021).  As noted by a New Mexico district court:

> [I]f the Court were to grant Plaintiff's motion and then later issue an order to show cause why the subpoenaed entity should not be held in contempt for failure to comply with the subpoena to produce documents, the contempt hearing would take place in a district where the subpoenaed entity does not reside. The Court would then have to resolve questions of personal jurisdiction over the subpoenaed entity as a matter of due process. For all these reasons, requiring these enforcement motions and motions to be quashed to be filed in the district where the subpoenaed entity is located (or to transfer them [to the issuing court] only with the subpoenaed party's consent or in exceptional circumstances) is logical.

*Id.*

3

Here, the subpoenas were served on non-party entities located in Michigan and California.  This district is not within 100 miles of the locations listed in the subpoenas for those entities.  Because this Court does not have the authority under Rule 45 to enforce the subpoenas, the motion to compel is denied without prejudice for lack of jurisdiction.  *See York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 627 (D. Nev. 2024) ("When a subpoena-related motion has been filed in the wrong [d]istrict, courts routinely deny that motion without prejudice to refiling it in the proper tribunal.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. 103] is **DENIED** without prejudice for lack of jurisdiction.

**SO ORDERED** this 30th day of October, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE