UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KLC FINANCIAL, LLC,            )
                       )
        Plaintiff,      )
                       )
    v.               )     Case No. 1:24-cv-00123-SNLJ
                       )
SARC USA, INC., *et al.*,    )
                       )
        Defendants.    )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's amended motion for leave to file a crossclaim out of time and to join additional parties [Doc. 121], which defendants oppose [Docs. 130, 145].  For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

This case began as a breach of contract and replevin action in which plaintiff KLC Financial, LLC alleged that the defendants failed to make all required payments due under five equipment finance agreements.  [Doc. 8].  Plaintiff alleges it advanced funds to defendants SARC AZ-Mesa LLC, SARC IL-St. Charles LLC, SARC IL-Aurora LLC, SARC GA-Hiram LLC, and SARC IL-Buffalo Groves LLC (collectively the SARC defendants) to purchase equipment, which the SARC defendants then leased to third parties.  [*Id.*].  The SARC defendants granted KLC a lien and/or first priority security interest in the equipment.  [*Id.*].

On March 14, 2025, this Court issued an Agreed Order on plaintiff's motion for a writ of replevin and turnover of equipment.  [Doc. 68].  Defendants agreed to immediately surrender and turn over the equipment identified in a list attached as Exhibit

A to the Agreed Order.  [*Id.* at ¶ 1].  Further, the Court ordered defendants to disclose to plaintiff the location of any equipment known to defendants.  [*Id.* at 2].  Finally, the Court authorized plaintiff to sell or otherwise dispose of the equipment and credit sale proceeds against the amounts owed.  [*Id.* at ¶ 3].

Pursuant to the Agreed Order, the SARC defendants and SARC USA, Inc. ("the SARC entities") allowed a third party, acting on plaintiff's behalf, to enter SARC storage facilities to remove assets for which plaintiff held a security interest.  The SARC entities provided a spreadsheet that listed the assets in their possession.  The third party removed property from the SARC storage facilities sometime in May or June 2025.[1]  According to the SARC entities, the third party seized property for which plaintiff had no ownership or possessory rights.  [Docs. 95 at ¶ 3, 95-1 at ¶ 1].  On August 22, 2025, defendants requested leave to file a counterclaim for conversion and, in the alternative, replevin. [Docs. 95, 95-1], which was granted [Doc. 107].

On September 10, 2025, plaintiff requested authorization to market and sell the recovered assets.  [Doc. 99].  In accordance with the Agreed Order, the Court authorized plaintiff to market and sell the recovered assets identified on the list attached as Exhibit A to the Agreed Order.  [Doc. 110].  Plaintiff was not authorized to sell or otherwise dispose of any other property.  [*Id.*].

Plaintiff filed the instant motion alleging that it has received demands to surrender the property recovered under the Agreed Order from MRV Banks on September 12,

---

[1]  Defendants refer to "several dates in June 2025" [Doc. 95 at ¶ 3], while plaintiff states the property was recovered on May 8, 2025 [Doc. 98].

2

2025, Medical Officer Reposition Partners, LLC on October 16, 2025, and Millrock Investment Fund 1, LLC on November 12, 2025, all asserting a security interest in the property. [Doc. 121]. Additionally, plaintiff alleges that the SARC defendants have demanded the return of the same property. [*Id.*]. Due to these competing claims to the equipment, plaintiff seeks to file a crossclaim and to join as parties MRV Banks, Medical Officer Reposition Partners, LLC, and Millrock Investment Fund 1, LLC. [*Id.*].

Defendants oppose the motion, arguing that adding parties is neither warranted nor appropriate because the third-party claims pertain to equipment for which the plaintiff has no ownership or possessory rights. [Doc. 130]. Further, defendants state that the parties are working to resolve the issues and that only a handful of items with competing claims remain.

While the instant motion was pending, plaintiff filed a motion for leave to file a Second Amended Complaint [Doc. 134], which was granted [Doc. 138]. The Second Amended Complaint adds claims against defendants for fraud, fraud by concealment and omission, and unjust enrichment. [Doc. 140]. In light of the filing of the Second Amended Complaint, plaintiff was ordered to supplement its briefing on the instant motion. [Doc. 138]. The motion is now fully briefed. *See* [Docs. 143, 145, 147].

## II. LEGAL STANDARD

When a party seeks to amend a pleading after the deadline set in the case management order, Federal Rule of Civil Procedure 16(b) requires a showing of good cause. *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024); *see also* Fed. R. Civ. P. 16(b)(4) ("A [scheduling order] may be modified only for

3

good cause and with the judge's consent.").  The primary measure of good cause is the movant's diligence."  *Id.*  Good cause requires a change in circumstances, law, or newly discovered facts.  *Id.*

If good cause is established, a court will then consider whether to grant leave to amend under Federal Rule of Civil Procedure 15, which instructs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this liberal amendment policy, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

A supplemental pleading differs from an amended pleading in that it relates to matters occurring after the filing of the original complaint.  *See* Fed.R.Civ.P. 15(d); *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977).  Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

### III. DISCUSSION

Although plaintiff seeks leave to file a crossclaim, the claim is, in fact, a counterclaim in reply.  *See* Fed.R.Civ.P. 13(a), (b), (g) (crossclaims are filed against co-parties; counterclaims are filed against opposing parties); 5 Fed. Prac. & Proc. Civ.

§ 1188 (4th ed.) (noting that a counterclaim asserted by a counterclaim defendant is a counterclaim in reply).

Courts are divided over whether a plaintiff can advance a counterclaim in reply to a defendant's counterclaim.  *See Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, 4:19-CV-02974-MTS, 2021 WL 1222424, at *2 (E.D. Mo. Mar. 31, 2021) ("[T]he Court acknowledges the debate over whether a plaintiff can advance a counterclaim in reply to a defendant's counterclaim.); *see also In re Pearl Resources LLC*, 643 B.R. 436, 448–49 (Bankr. S.D. Tex. 2022) (describing different approaches courts have taken towards counterclaims in reply); *SEMS, Inc. v. Lee*, CV 22-866-JWD-RLB, 2023 WL 6165684 (M.D. La. Sept. 21, 2023) (same).  Some courts have held that the federal rules permit counterclaims in reply. *See Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615, 2007 WL 1218701, at *2–3 (E.D. Mich. Apr. 20, 2007) ("[T]he plain language of Rules 7 and 13 compel the conclusion that counterclaims in reply are permissible."); *SEMS, Inc. v. Lee*, CV 22-866-JWD-RLB, 2023 WL 6165684 (M.D. La. Sept. 21, 2023) (holding counterclaims in reply are a permissible pleading under Rules 7 and 13).  Other courts have held that counterclaims in reply are impermissible because the federal rules do not expressly permit them.  *See Gonzalez v. Central Elec. Coop., Inc.*, No. 08-6236-HO, 2009 WL 3415235, at *5 (D. Or. Oct. 15, 2009) (holding counterclaims in reply are impermissible because Rule 7(a) does not list counterclaims in reply as an acceptable pleading); *Healthe, Inc. v. High Energy Ozone LLC*, 6:20-CV-2233-RBD-EJK, 2021 WL 2939924, at *2 (M.D. Fla. June 17, 2021) (agreeing with courts "who have found

counterclaims in reply to be impermissible under the Federal Rules and likely to result in confusion (or chaos) down the road").

Other court rulings turn on whether the counterclaim in reply is compulsory. *See, e.g., Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979) (holding only compulsory counterclaims in reply are permitted). Still others find the permissibility turns on whether the defendants' original counterclaim was compulsory or permissive. *See Lincoln Sav. Bank v. Open Sols., Inc.*, 956 F. Supp. 2d 1032, 1040 (N.D. Iowa 2013) ("plaintiffs [are allowed] to file counterclaims in reply when such counterclaims are compulsory and in response to permissive counterclaims"); *Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007) (same).

Finally, a number of courts have treated counterclaims in reply as motions to amend the complaint. *See Ohio Cas. Ins. Co. v. Eagle Mist Corp.*, 4:19-CV-02974-MTS, 2021 WL 1222424, at *2 (E.D. Mo. Mar. 31, 2021) (finding the more prudent course is to treat plaintiff's motion for leave to add a counterclaim in reply as a motion to amend the complaint); *R&M Gov't Services, Inc. v. Kaman Aerospace Corp.*, CV 2:24-524 GJF/JHR, 2025 WL 1079023, at *4 (D.N.M. Apr. 10, 2025) (questioning whether counterclaims in reply to compulsory counterclaims are authorized under the federal rules and construing a counterclaim in reply as a motion to amend the complaint); *Healthe, Inc. v. High Energy Ozone*, 2021 WL 2939924, at *2 (M.D. Fla. June 17, 2021) (finding counterclaims in reply to be impermissible and noting that if plaintiff may file a motion to amend its pleadings to assert the claims); *Century Pac., Inc. v. Hilton Hotels Corp.*,

6

528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007) (finding plaintiffs' counterclaim in reply should have been brought by seeking leave to amend the complaint).

This Court agrees with the courts that have held that the plain language of Rules 7 and 13 permits counterclaims in reply.  Rule 13 permits counterclaims to be asserted in a ***pleading***, and Rule 7(a)(3) defines ***pleading*** to include an ***answer to a counterclaim***.  *See* 5 Wright, et al., Federal Practice and Procedure, § 1188 (4th ed.) ("Rule 13 permits a pleading to state any claim as a counterclaim without restriction; under Federal Rule of Civil Procedure 7(a), an answer to a counterclaim and a reply are each a pleading and thus should be fully capable of housing counterclaims of any kind."); *see also* 3 Moore's Federal Practice § 13.44 (3d ed. 2023) ("When a counterclaim is asserted against a plaintiff, an answer is required by Rule 7(a)(3) or the plaintiff risks suffering a default judgment. Because that answer is a pleading, compulsory counterclaims must be included under Rule 13(a), and permissive counterclaims may be included under Rule 13(b).").

Having determined that a counterclaim in reply is permissible, the Court turns to the timing of plaintiff's motion.  Under the Amended Case Management Order, motions to join additional parties or amend pleadings were due no later than July 9, 2025.  [Doc. 84].  However, the facts supporting plaintiff's motion were not known at that time.  The Court finds that plaintiff has demonstrated good cause for seeking leave to amend to assert a counterclaim in reply and to join additional parties MRV Banks, Medical Officer Reposition Partners, LLC, and Millrock Investment Fund 1, LLC after the court-imposed deadline.  Further, the Court finds that granting leave to amend and/or supplement under Rule 15 is proper under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a counterclaim in reply out of time and to join additional parties [Doc. 121] is **GRANTED**. Specifically, plaintiff is **GRANTED** leave to file an amended answer to defendants' counterclaims to allege a counterclaim in reply and to join MRV Banks, Medical Officer Reposition Partners, LLC, and Millrock Investment Fund 1, LLC as additional parties. The amended pleading shall be filed within seven days.

**SO ORDERED** this 7th day of July, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE